## THE NETTIE L. TICE.

(District Court, E. D. New York. June 28, 1901.)

COLLISION—FAILURE TO DISPLAY LIGHT—TUG AND TOW.

Where a canal boat being towed alongside a tug at night in a harbor failed to display a white light on her outboard bow, as required by inspectors' rule 11, both the tug and the canal boat are chargeable with the fault; and the tug is not exonerated from liability for a collision resulting by the fact that her master ordered the master of the canal boat to put out the light, but it was his further duty to see that his order was enforced.

In Admiralty. Suit for collision.

Wilcox, Adams & Green and Mr. Green, for libelant.

John Whalen, Corp. Counsel, and Mr. Probasco, for the city of New York.

James J. Macklin, for the Nettie L. Tice.

THOMAS, District Judge. This action is brought by the owner of the canal-boat Frank X, which was in tow alongside of the tug Nettie L. Tice, on October 30, 1899, at 6 o'clock p. m., when the fireboat Zophar Mills, belonging to the city of New York, collided with the canal boat, doing the injury. Upon the trial it appeared plainly that the fireboat was at fault, and it also appeared that the Frank X and the Tice were each at fault, if each was liable for failure to observe inspectors' rule 11, which is as follows:

"For the government of pilots of vessels propelled by steam, gas, fluid, naphtha, or electric motors, or of other vessels propelled by machinery, navigating the harbors, rivers, and inland waters of the United States (except the Great Lakes and their connecting and tributary waters as far east as Montreal, the Red River of the North, and rivers emptying into the Gulf of Mexico, and their tributaries). Adopted by the board of supervising inspectors of steam vessels January 26, 1899, under the authority of an act of congress approved June 7, 1897. Barges or canal boats towed alongside

a steam vessel, if on the starboard side of said steam vessel, shall display a white light on her own starboard bow; and if on the port of said steam vessel, shall display a white light on her own port bow; and if there is more than one barge or canal boat alongside, the white lights shall be displayed from the outboard side of the outside barge or canal boat. The white lights for barges and canal boats referred to in the preceding rules shall be carried at least 10 feet and not more than 30 feet abaft the stem or extreme forward end of the vessel, above the deck rail of the vessel on single-decked vessels, and on the upper deck of double or three-decked barges or canal boats; and shall be of such a character as to be visible on a dark night, with a clear atmosphere, at a distance of at least 5 miles."

It is admitted that there was not a compliance with this rule, but it is urged on the part of the libelant that noncompliance did not contribute to the accident. The burden of establishing this is upon those in fault, and that burden has not been discharged sufficiently. Had the light been placed as required, it is by no means certain that the Zophar Mills would not have discovered the same. But it is urged by the master of the Tice that he ordered the master of the canal boat to put the light out, and it is claimed that his duty began and ended upon doing this. He was in charge of the boat, and, if the command that the rule be observed was not sufficient, that command should have been enforced. This accords with the holding in The Lyndhurst (D. C.) 92 Fed. 681. The master of the canal boat contends that this primary responsibility imposed upon the tug to observe rules absolves him. This claim resolves itself into this: that the master of a canal boat in tow, knowing that the rule requires display of a light, and knowing that such display has not been made upon his boat by him or by anybody under him, or otherwise, may await calmly the results of this inattention, and, if his boat be injured, exclude himself from liability. It is considered that such is not the rule, and ought not to be the rule. The libelant is entitled to a decree for two-thirds of his damages and costs, and that the Zophar Mills and the tug Nettie L. Tice shall, as between themselves, each bear one-third of the damage.