### THE S. A. McCAULLEY.

(District Court, D. Delaware. February 26, 1902.)

#### No. 590.

1 COLLISION—MUTUAL FAULTS—DIVISION OF DAMAGES.

Where a collision occurred between a steamship and a dredge as the proximate result of negligence on the part of both vessels and also on the part of a steam tug, whereby only the dredge received injury, and the steam tug was brought in as a codefendant with the steamship; *held*, that the damages and costs should primarily be equally divided between the three vessels.

¶ 1. See Collision, vol. 10, Cent. Dig. §§ 296, 308.

2. SAME.

    Where one vessel becomes aware of a maritime fault on the part of another and without order or invitation from the latter, co-operates as a free agent in such fault to the injury of the latter by collision with a third vessel, liability to the injured vessel for the proper proportion of the damages and costs cannot be negatived on the ground that the first mentioned vessel only aided in the commission of the fault of the vessel receiving the injury.

(Syllabus by the Court.)

In Admiralty.
For former opinion, see 110 Fed. 227.

BRADFORD, District Judge. This case has been reheard on the question of the apportionment of damages and costs. It has already been decided in this case that the injury received by the dredge Pacific from collision with the steamship Maling was caused by concurring and co-operating faults on the part of the dredge, the steamship and the steam tug S. A. McCaulley, but that, while the damages and costs resulting from such injury primarily should be equally borne by the three vessels, the circumstances were such as to preclude the libelants, representing the dredge, from recovering against the tug the proportion for which the tug would otherwise have been liable to the dredge. The Maling (D. C.) 110 Fed. 227. An interlocutory decree was accordingly made for a division of the damages and costs between the dredge and the steamship, the dredge to bear two thirds thereof, and the steamship to bear the remaining third. On careful reconsideration of this branch of the case I am satisfied that the interlocutory decree should be so modified as to impose the damages and costs equally upon the three vessels. All the vessels having been in fault, the tug should bear one third of the burden in accordance with the general rule, unless it is clearly shown by the evidence that those representing the dredge are estopped or precluded by the conduct of those in charge of her from any recovery against the tug. While it appears that the tug and the dredge co-operated in causing the Maling to port her helm, and that there was a causal connection between the waving of the lantern on the dredge, and the single blast from the tug, the tug nevertheless, in giving her deceptive blast, did not act on compulsion. She was not a mere servant of the dredge, but a free agent. The waving of the lantern on the dredge was a signal to the Maling, and not to the tug. It was an invitation to that steamship to change her course to the westward, and was not intended, and would have been wholly inapplicable as a signal to the tug lying alongside of the dredge. No order was given by the dredge to the tug to blow her whistle. There was thus neither order nor invitation from the dredge to the tug to commit the fault of which the latter was guilty. The master of the tug was chargeable with knowledge of the rules of navigation; and immunity for the tug from liability to the dredge cannot successfully be claimed because she merely followed the example of the dredge in signaling, in violation of law, to the Maling to port her helm. Where one vessel becomes aware of a maritime fault on the part of another, and without order or invitation from the latter co-operates as a free agent in such fault to the injury

of the latter by collision with a third vessel, liability to the injured vessel for the proper proportion of the damages and costs cannot be negatived on the ground that the first mentioned vessel only aided in the commission of the fault of the vessel receiving the injury. This rule may seem harsh in its application to a given case, but, on the whole, is simple, salutory and required by the principles of maritime law.

For the reasons given the interlocutory decree will be modified as above stated.