THE EUGENE F. MORAN. THE CHARLES E. MATTHEWS. THE
SCOWS 15D AND 18D.

(District Court, S. D. New York. January 8, 1906.)

1. COLLISION—FAILURE TO LIGHT TOW—LIABILITY.

It is the duty of the master of a tug, and also of the men on scows
in tow of such tug, to see that the lights required by law to be carried
by the tow are in place and lighted when under way in the night, and
all the vessels are in fault for a collision resulting from or contributed to
by the failure to carry such lights.

[Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Collision, §§
105-123.]

2. SAME—APPORTIONMENT OF DAMAGES—TUG AND TOW.

Where two tugs and two scows in tow of one of the tugs were all in
fault for a collision, each vessel is liable for an equal share of the dam-
ages resulting.

[Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Collisions, § 298.]

In Admiralty. Suit for collision.

Carpenter, Park & Symmers, for Du Bois Sons Company, owner of
scows 15D and 18D.

Wing, Putnam & Burlingham, for owners of steam tug Eugene
F. Moran.

Robinson, Biddle & Ward, for owners of the steam tug Charles E.
Matthews.

Butler, Notman & Mynderse, for N. Y. Cent. & H. R. R. Co., owner
of Car Float No. 1.

HOLT, District Judge. These are suits brought to recover damages
for a collision. The New York Central Car Float No. 1 was lashed
alongside of and being towed by the steam tug Charles E. Matthews up
the North river. The two scows, 15D and 18D, owned by the Du
Bois Sons Company, were being towed tandem on a hawser by the
tug Eugene F. Moran. The car float came in collision with scow 15D,
causing injury to both the scow and the car float. At the conclusion
of the trial, I decided that the Matthews and the Moran were both
in fault, and that there were no lights on either of the scows; and I
reserved the case for consideration as to whether the absence of
lights on the scows was a fault for which the scows were responsible,
or the Moran, or both.

I think that both the Moran and the scows were in fault for not
having up lights on the scows. Counsel for the scows claims that it
was the duty of the tug to have the lights put up on the tow before
starting, and that at the time of the collision the start had not taken
place; but in my opinion the tug and tow had started and were under
way, and the authorities establish that, under those circumstances, it
was the duty of the master of the tug and the men on the scows
to see to it that the lights required by law to be carried on the tow
were in place and lighted. The Lyndhurst (D. C.) 92 Fed. 681; The
Nettie L. Tice (D. C.) 110 Fed. 461. The result is that the Matthews,
the Moran and the two scows were in fault, and the car float was not
in fault, for this collision. The question then arises as to the appor-

tionment of damages. The authorities are quite conflicting upon this subject. There are a number of authorities which hold that, in cases where one vessel is towing another, the tug and tow are to be considered as one vessel. The Niobe, 13 P. D. 556 (1891) App. Cas. 401; The Englishman and the Australian, L. R. 1894 Prob. 239; The Anerly (D. C.) 58 Fed. 794; The Komuk (D. C.) 120 Fed. 841. Other authorities hold that in such cases each vessel in each flotilla is to be treated as a distinct entity, and each vessel in fault equally liable for any damage with the other vessels in fault. The Brothers, 2 Biss. 104, Fed. Cas. No. 1,969; The Peshtigo (D. C.) 25 Fed. 488; The Lyndhurst (D. C.) 92 Fed. 681; The Nettie L. Tice (D. C.) 110 Fed. 461; The Doris Eckhoff (D. C.) 41 Fed. 156; The Maling (D. C.) 110 Fed. 227; The S. A. McCaulley (D. C.) 116 Fed. 107.

I am entirely unable to reconcile these decisions. Neither rule, in certain cases, will work out complete justice. In my opinion, the rule which holds that each vessel in fault is to share equally with every other vessel in fault is upheld by the greater weight of authority, particularly in this country, and has the advantage of greater simplicity of application.

My conclusion is that the damage caused to the car float should be borne in equal one-quarter shares by the Matthews, the Moran and the two scows, and that the damage caused to the scow 15D should be borne in the same proportion; that is, the scow itself should bear one-quarter of the loss, and the Matthews, the Moran, and the other scow should each bear one-quarter. As the scow 18D belongs to the same owners as the scow 15D, the decree in the case of the Du Bois Sons Company should be for one-quarter of the damage against the Matthews and one-quarter against the Moran. The decree should provide, as usual, that if the value of any of the vessels held liable is insufficient to pay the amount decreed there shall be a remedy over against the others for the deficiency. The New York Central & Hudson River Railroad Company should have costs, divided in the same way, against the claimants in its suit, and the Du Bois Sons Company should recover half its costs against the claimants in its suit. The decree should be settled on notice.