THE EUGENE F. MORAN. THE CHARLES E. MATTHEWS. THE 15 D
AND 18 D.

(Circuit Court of Appeals, Second Circuit. April 30, 1906.)

Nos. 256 and 257.

1. COLLISION—FAILURE TO LIGHT TOW—PASSING SIGNALS.

A finding affirmed that a tug passing down the Hudson river at night, two scows in tow of such tug and a meeting tug, were all in fault for a collision between one of the scows and a car float alongside of the meeting tug, the tug and scows in her tow because such tows were not displaying lights and the tug also because she failed to answer the passing signal of the meeting tug, and the latter for continuing at full speed, although receiving no answer to her signal.

[Ed. Note.—Signals of meeting vessels, see note to the New York, Union S. S. Co. v. Erie & W. Transp. Co., 30 C. C. A. 630.]

Appeals from the District Court of the United States for the Southern District of New York.

These causes come here upon appeals from decrees of the District Court, Southern District of New York, holding the tugs Moran and Matthews and the scows 15 D and 18 D all in fault for a collision between 15 D and a car float belonging to the New York Central & Hudson River Railroad Company. The district judge decided the cause as to respective faults orally at the close of the trial, and subsequently filed an opinion as to obligation to put up lights and apportionment of damages which will be found reported in 143 Fed. 187.

Edward Carpenter, James Emerson Carpenter, and Carpenter, Park & Symmers, for the Du Bois Sons Company.

Charles C. Burlingham and Wing, Putnam & Burlingham, for the Moran.

A. G. Thacher and Butler, Notman & Mynderse, for the railroad company.

W. S. Montgomery, Henry Galbraith Ward, and Robinson, Biddle & Ward, for Dailey and Ivins.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

PER CURIAM. About 7:30 p. m. of February 1, 1905, the tug Moran was towing two mud scows out of a slip on the west side of the Hudson river, bound for the dumping grounds. Scow 15 D was immediately behind the Moran on a hawser, and was followed by scow 18 D on another hawser. Both scows were owned by the Du Bois Company. While thus proceeding, they encountered the tug Matthews coming up river with a car float belonging to the New York Central & Hudson River Railroad Company in tow. A single employé of the railroad company was on board the car float, coiling up lines and getting the float ready for dock, and an employé of the tug was standing on top of the cars, keeping lookout. No employé of the railroad company participated in any way in the navigation of these two vessels, which was conducted solely by the master of the tug. Collision ensued between the car float and scow 15 D. The evidence is very conflicting, and all the witnesses were examined in court before the district judge.

He held the Moran and both scows in fault because the scows were not displaying lights; and the Moran in fault because she did not answer the two-blast signal of the Matthews, or sound alarm whistles. He finds that the tow had not yet got straightened out behind the Moran, so that her failure to answer was a contributing fault. He held the Matthews in fault because she continued on at high speed, although she had received no response from the Moran. We do not understand that his conclusions are questioned if the facts be as he found them; and no good purpose would be served by discussing the details of navigation. Except for the matter of assessment of damages, questions of fact only are involved, and it seems unnecessary to set forth why it is that upon a careful study of the testimony we see no reason to reverse his finding thereon.

Interesting questions are presented as to the damages. In the first suit one-half of the damage to 15 D was assessed in equal proportions against the Matthews and Moran. In the second suit the damages to the car float were assessed in equal proportions against the Matthews the Moran, scow 15 D and scow 18 D. In the up-going flotilla the Matthews, not owned by the damaged car float, was in fault. In the other flotilla, the damaged scow 15 D, and her companion scow, owned by the same party, and the Moran, owned by another claimant, were all in fault. Under these circumstances shall the damages be assessed in equal proportions among the four offending vessels, or shall the two scows be considered a single vessel and damages assessed in thirds, or shall damages be first assessed equally between the two flotillas, and the half assessed on the south-bound flotilla be charged in thirds against each vessel composing it or half against the Moran and half against the two scows?

The authorities are not all in accord. The Komuk (D. C.) 120 Fed. 841; The Niobe, 13 P. D. 556, [1891] App. Cas. 401; The Brothers, 2 Biss. 104, Fed. Cas. No. 1,969; The Nettie L. Tice (D. C.) 110 Fed. 461; The Express (D. C.) 44 Fed. 392, 46 Fed. 860, 52 Fed. 890, 3 C. C. A. 342; The Peshtigo (C. C.) 25 Fed. 488; The Lyndhurst (D. C.) 92 Fed. 681; The Anerly (D. C.) 58 Fed. 794. A decision of the question by this court would be controlling only in this circuit, and it is highly desirable that it be settled by authority. We have therefore decided to certify the single question as to assessment of damages to the Supreme Court. When that is answered, this court will dispose of the decrees appealed from.