## THE SOCONY NO. 123.*

### THE ELMHURST.

### THE SOCONY NO. 21.

### STANDARD VACUUM TRANSP. CO. v. CITY OF NEW YORK.

District Court, S. D. New York.

Jan. 5, 1935.

*Decree modified — F.(2d) —.

Macklin, Brown, Lenahan & Speer, of New York City (Paul Speer, of New York City, of counsel), for libelant.

Paul Windels, Corp. Counsel, of New York City (P. F. Shortridge, of New York City, of counsel), for respondent.

PATTERSON, District Judge.

I have found as a fact that the collision between the barge and the ferryboat was due to two causes, the failure of the ferryboat to keep clear and the absence of a light on the bow of the barge. At the close of the trial, I concluded that in both suits the damages should be divided equally between the owner of the barge and the city, as owner of the ferryboat, but later granted permission to the parties to serve briefs on the point of damages.

1. In the suit brought by the city against the barge and the towing tug for damages to the ferryboat, the damages will be divided into thirds, one-third attributable to the ferryboat, one-third to the barge, and one-third to the tug. The absence of proper lights on the barge is a fault not only of the barge but also of the towing tug. The Nettie L. Tice, 110 F. 461 (D. C. E. D. N. Y.); The Sif, 266 F. 166 (C. C. A. 2). It makes no difference that the barge and the tug were owned by the same party, the libel being in rem against both barge and tug and the fault being viewed as that of the vessels themselves as separate offenders. Eugene F. Moran v. New York Cent. & H. R. R. Co., 212 U. S. 466, 29 S. Ct. 339, 53 L. Ed. 600. In this suit, therefore, the city is entitled to two-thirds of the damage done to the ferryboat, one-third from the barge and one-third from the tug.

2. The result in the other suit is not the same. The Standard-Vacuum Transportation Company, owner of the barge, sued the city as owner of the ferryboat to

recover the damage to the barge. The city filed a petition under the fifty-sixth rule, bringing in the tug, but withdrew it on stipulation that the libelant owned the tug as well as the barge. The tug then is not a party, and the suit is purely in personam. The parties are the owner of the barge and tug and the owner of the ferryboat. As between these parties, the fault was equal, the owner of the barge and tug for not having a light on the barge, the owner of the ferryboat for not keeping clear. See Eugene F. Moran v. New York Cent. & H. R. R. Co., 212 U. S. 466, 475, 29 S. Ct. 339, 53 L. Ed. 600; The Asfalto, 51 F.(2d) 982 (C. C. A. 2). Under this libel the owner of the barge may hold the city for one-half the damage sustained by the barge. The incongruity in results of the two cases is due to the fact that there is a difference in the parties before the court.

The two decrees will be settled on notice.