536

THE SOCONY NO. 123.

THE ELMHURST.

THE SOCONY NO. 21.

STANDARD–VACUUM TRANSP. CO. v. CITY OF NEW YORK.

CITY OF NEW YORK v. STANDARD–VACUUM TRANSP. CO.

Nos. 451, 452.

Circuit Court of Appeals, Second Circuit. June 17, 1935.

Macklin, Brown, Lenahan & Speer, of New York City (Paul Speer, of New York City, of counsel), for appellant.

Paul Windels, Corp. Counsel, of New York City (P. Fearson Shortridge and John T. Condon, both of New York City, of counsel), for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

We agree with the court below that the collision between the barge and ferryboat was due (a) to the failure of the ferryboat to keep clear and (2) to the absence of a light on the bow of the barge. The steamtug was also properly held for failure to provide for a light on the barge. The Sif, 266 F. 166 (C. C. A. 2). Since the libel was filed in rem against both barge and tug, the fault is viewed as that of the vessels themselves, as separate offenders. The Eugene F. Moran v. New York Cent. & H. R. R. Co., 212 U. S. 466, 29 S. Ct. 339, 53 L. Ed. 600. As the three vessels were at fault, and the barge and tug were the property of libelant, Standard-Vacuum Transportation Co., only one-third of its damages can be recovered. The Eugene F. Moran v. New York Cent. & H. R. R. Co., supra; The Kookaburra, 69 F.(2d) 71 (C. C. A. 2). The city is entitled to recover two-thirds of its damages; one-third against the barge, and one-third against the tug.

Decree modified.