## GENERAL SEAFOODS CORPORATION v. J. S. PACKARD DREDGING CO.

## J. S. PACKARD DREDGING CO. v. GENERAL SEAFOODS CORPORATION.

### Nos. 3580, 3581.

Circuit Court of Appeals, First Circuit.

April 17, 1941.

Albert T. Gould, of Boston, Mass. (Charles S. Bolster and Bingham, Dana & Gould, all of Boston, Mass., on the brief), for General Seafoods Corp.

Thomas H. Walsh, of Boston, Mass., for J. S. Packard Dredging Corp.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

MAHONEY, Circuit Judge.

These cases are appeals from an interlocutory decree of the District Court disposing of a libel by the General Seafoods Corporation and a cross-libel by the J. S. Packard Dredging Company. The controversy arose out of a collision between the trawler Exeter, owned by the General Seafoods Corporation, and the tug Trim and Scow No. 19, both owned by the J. S. Packard Dredging Company. The causes were consolidated and disposed of by a single decree.

The facts were found and ably set out by the district judge in his opinion reported in D.C., 30 F.Supp. 283 and will not be repeated here. He found that the Exeter was grossly negligent by violating the rules governing navigation by failing to keep on her starboard side of the narrow channel, by failing to pass the Trim port to port

when nothing prevented her from doing so, by failing to indicate by signals an intention to pass starboard to starboard, by failing to give a danger signal, by failing to have a competent look-out on duty, and by failing to reduce her speed until the very moment of the collision. In view of the Exeter's gross negligence the court invoked the rule that when one of the vessels is grossly at fault any doubt regarding the management of the other vessel, or the contribution of her fault, if any, to the collision should be resolved in her favor. No contention is made that the Exeter was not grossly negligent.

However, even applying this rule, the trial court found that the Trim had contributed to the collision by its failure seasonably to give the danger signal required by Rule III of Article 18 of Inland Rules, 33 U.S. C.A. § 203, rule 3. The court, therefore, decreed that both the Exeter and the Trim were at fault and that the damages should be equally divided. The General Seafoods Corporation has appealed on the grounds that the trial court erred in not finding that Scow No. 19 contributed to the collision by having improper lights and by failing to find that the damages, therefore, should be divided in thirds between the Exeter, the Trim and Scow No. 19. The J. S. Packard Dredging Company has appealed on the grounds that the trial judge erred in finding that the failure of the Trim to blow the danger signal until the boats were only 200 feet apart was a contributory cause of the collision and in finding that the Trim must bear one-half of the damage. We are of the opinion that the decree should be affirmed.

 It is well settled law that "where fault on the part of one vessel is established by uncontradicted testimony, and such fault is, of itself, sufficient to account for the disaster, it is not enough for such vessel to raise a doubt with regard to the management of the other vessel. There is some presumption at least adverse to its claim, and any reasonable doubt with regard to the propriety of the conduct of such other vessel should be resolved in its favor". Alexandre v. Machan (The City of New York), 1893, 147 U.S. 72, 85, 13 S. Ct. 211, 216, 37 L.Ed. 84, 85. Accord, The Victory (The Plymothian), 1897, 168 U.S. 410, 423, 18 S.Ct. 149, 42 L.Ed. 519; The Ludvig Holberg, 1895, 157 U.S. 60, 15 S.Ct. 477, 39 L.Ed. 620; The San Simeon, 2 Cir., 1933, 63 F.2d 798. However, this court long

ago said that this rule that where one vessel was guilty of gross fault, the other is presumed not to have been in fault, was artificial and misleading unless very carefully applied. The Admiral Schley, 1 Cir., 1904, 131 F. 433, 439, affirmed on rehearing, 1 Cir., 1905, 142 F. 64, certiorari denied, sub. nom. Consolidation Coal Co. v. American Mail Steamship Co., 1906, 201 U.S. 648, 26 S.Ct. 752, 50 L.Ed. 905. Even though the first vessel is grossly at fault, a plain fault on the part of the other vessel is not excused. The Albert Dumois, 1900, 177 U.S. 240, 253, 20 S.Ct. 595, 44 L.Ed. 751; The Yamashita Kisen Kabushiki Kaisha v. McCormick Inter. S. S. Co., 9 Cir., 1927, 20 F.2d 25; The San Simeon, supra. It thus becomes necessary to determine whether the Trim was guilty of a plain fault.

 The rule above, known as the "major and minor fault" rule, placed the burden upon the Exeter to show that the Trim committed a plain fault. We think this burden was sustained. The trial judge found that the Trim did not give the danger signal until a few seconds before the collision. There was ample evidence to support this finding. Rule III of Article 18 of the Inland Rules provides that "if, when steam vessels are approaching each other either vessel fails to understand the course or intention of the other, from any cause, the vessel so in doubt shall *immediately* signify the same by giving several short and rapid blasts, not less than four, of the steam whistle." (Italics supplied.) The evidence is clear that the Trim did not comply with this rule. The captain of the Trim testified that he had remarked upon the erratic course of the Exeter from the moment he saw her and had frequently expressed failure to understand her course or intention. Cf. The Wydale, C.C. La.1889, 37 F. 716, 718. The trial judge found, on disputed testimony, that the Trim signalled for a port to port passing but got no reply, and the captain of the Trim testified that after giving that signal he was still at a loss to know what the Exeter intended to do. Accepting the testimony of those on the Trim as true, this signal was blown when the ships were half a mile apart, but in spite of his uncertainty—which must have been momentarily increasing as the distance between them decreased—and in spite of the statutory rule requiring the *immediate* blowing of the danger signal, the Trim, by the testimony of those aboard her, blew no such signal until the Exeter

was only 200 feet away, a question of seconds before the collision. It is clear that by thus violating Rule III of Article 18, the Trim was guilty of a plain fault. Henry Du Bois Sons Co. v. A./S. Ivarans Rederi (The Segundo), 2 Cir., 1940, 116 F.2d 492; A. H. Bull S. S. Co. v. Chesapeake S. S. Co., 4 Cir., 1939, 101 F.2d 599; The E. J. Berwind, 2 Cir., 1935, 74 F.2d 705; The Munaires, 2 Cir., 1924, 1 F.2d 13.

■ The Exeter thus has borne the burden of showing that the Trim was at fault by failing to blow the danger signal until it was too late. This was a violation of a statutory rule, and it is also well-settled law that "when, as in this case, a ship at the time of a collision is in actual violation of a statutory rule intended to prevent collisions, it is no more than a reasonable presumption that the fault, if not the sole cause, was at least a contributory cause of the disaster. In such a case the burden rests upon the ship of showing not merely that her fault might not have been one of the causes, or that it probably was not, but that it *could not* have been." (Italics supplied.) The Pennsylvania, 1873, 19 Wall. 125, 136, 22 L.Ed. 148. Accord, Lie v. San Francisco & Portland S. S. Co., 1917, 243 U.S. 291, 298, 37 S.Ct. 270, 61 L.Ed. 726; Belden v. Chase, 1893, 150 U. S. 674, 699, 14 S.Ct. 264, 37 L.Ed. 1218; Yang-Tsze Ins. Ass'n v. Furness, Withy & Co., 2 Cir., 1914, 215 F. 859.

■■ The Exeter bore the burden of showing not simply that there was "reasonable doubt with regard to the propriety of the conduct" of the Trim but that there was a violation of a statutory rule intended to prevent collisions. The burden was then upon the Trim to show that this violation *could not* have contributed to the collision. This burden is on the Trim even though the Exeter was grossly at fault. Lie v. San Francisco & Portland S. S. Co., supra; The San Simeon, supra, 63 F.2d at 801. The Trim has not borne the burden of proof required of her. It is impossible to say that the collision would not have been averted even if the Trim had blown the danger signal as soon as the Exeter failed to answer the passing signal. When no answer was received, and the erratic course was continued, the uncertainty and danger were clearly increased. Perhaps the blowing of the danger signal would have roused some one on the Exeter to a realization of the danger. We cannot tell what she would have done or whether the fault of the Trim changed the result. However, the fault being a breach of a statutory rule, the Trim must satisfy any doubts as to whether its fault contributed to the collision, and the speculations as to what would have happened the law throws upon the vessel which fails in her duty. It has not been shown that the failure of the Trim seasonably to blow the danger signal could not have contributed to the collision; indeed, it would not be unreasonable to infer the contrary. Therefore, she must bear her share of the damage.

■ The libellant, General Seafoods Corporation, on its appeal, urges that the trial court erred in failing to find that Scow No. 19 was at fault in that it did not carry proper lights, and that, accordingly, the court erred in failing to divide the damages in thirds, causing the owner of the Exeter to bear one-third, and the owner of the Trim and Scow No. 19 to bear two-thirds. We do not agree.

The trial judge found that the Trim was fully equipped with lights, including the regulation white towing light, which every one agreed were burning brightly. The captain of the Exeter admitted that he saw those lights as soon as he left the Fish Pier. Thus, those on the Exeter had notice that the Trim had a tow. The trial court further found that there were properly placed lights on the scow. It was further stated that there was testimony that the forward light was not burning brightly, but the court found no fault in that respect could be ascribed to the Trim. The court found that if those on the Exeter had been duly diligent they would have had no difficulty in seeing the light in time to avoid the collision.

■ The libellant maintains that the Pilot Rules for Certain Inland Waters of the Atlantic Coast required that a scow carry a bright light at each end not less than 8 feet above the water which shall be visible on a clear dark night for at least 5 miles and that Scow No. 19 did not comply with this rule. Accordingly, it argues that breach of the rule puts upon Scow No. 19 the burden of showing that this breach could not have contributed to the accident. Cf. The Sif, 2 Cir., 1920, 266 F. 166, affirming, D.C.E.D.N.Y.1917, 244 F. 261. While this is undoubtedly the rule, there was no finding that the lights did not comply with the Pilot Rules. We have already shown that as the Exeter was gross-

ly negligent, any reasonable doubt as to the propriety of the conduct of the other vessels should be resolved in their favor. There was ample evidence to show that the lights on the scow were clean and bright and could be seen for a substantial distance. Indeed, the trial court found that with due diligence those on the Exeter could have seen the lights on Scow No. 19 in ample time to avoid the collision. We do not believe that the libellant successfully showed that there was a violation of the rule as to the lights on the scow. Even if it were shown that the lights on the scow were not visible 5 miles, it would not necessarily follow that the scow would be liable since the vessels were never more than a mile apart. Cf. The Transfer No. 8, D.C.E.D.N.Y.1926, 14 F.2d 448, 452, affirmed with modifications, 2 Cir., 1928, 25 F.2d 628. In those cases where barges and scows have been held liable, it was expressly found that they were not lighted according to the rules. E. g., The Sif, supra; The Socony No. 123, D.C.S.D.N.Y. 1935, 10 F.Supp. 341, affirmed, 2 Cir., 1935, 78 F.2d 536; The Nettie L. Tice, D.C.E.D.N. Y.1901, 110 F. 461. No such finding was made here. We do not believe Scow No. 19 was improperly lighted. Therefore, the division of damages made by the trial court was proper.

The decree of the district court is affirmed.