## THE GRASSELLI CHEMICAL CO. NO. 4.
### Petition of GRASSELLI CHEMICAL CO., Inc., et al.

District Court, S. D. New York.

Aug. 12, 1937.

Bigham, Englar, Jones & Houston, of New York City (Richard F. Shaw, of New York City, of counsel), for petitioners.

Barry & Sheller, of New York City (Alexander, Ash & Jones, of New York City, of counsel), for claimant Frank Conte.

LEIBELL, District Judge.

This is a motion by one Frank Conte for an order sustaining his exceptions to the petition for limitation of liability filed herein by Grasselli Chemical Company, Inc., and E. I. Du Pont De Nemours, Inc., successors in interest as owners of the barge Grasselli Chemical Co. No. 4. Conte also seeks an order vacating an order of this court restraining him from prosecuting in the New York Supreme Court an action at law against the petitioners in this proceeding.

The petition for limitation of liability describes an accident which took place aboard petitioners' barge, while it was moored alongside the steamship Wind Rush on August 27, 1936. While the cargo of the barge was being loaded onto the steamship, a portion of the hoisting apparatus went awry, and three employees of the stevedoring company engaged in the work have asserted claims against petitioner for injuries sustained as a result of the accident. One of them is the moving party, Frank Conte.

On September 4, 1936, petitioners received written notice of the claim of Patsy Marotto, another of the persons injured in the accident. The petition for limitation of liability was not filed until March 23, 1937, more than six months after notice of Marotto's claim.

On June 5, 1936, 46 U.S.C. § 185, was amended (46 U.S.C.A. § 185), so as to read as follows:

"§ 185. *Petition for Limitation of Liability; Deposit Value of Interest in Court; Transfer of Interest to Trustee.*

"The vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition a district court of the United States of competent jurisdiction for limitation of liability within the provisions of this chapter and the owner (a) shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the interest of such owner in the vessel and freight, or approved security therefor, and in addition such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of section 183 of this title, or (b) at his option shall transfer, for the benefit of claimants, to a trustee to be appointed by the court his interest in the vessel and freight, together with such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of section 183 of this title. Upon compliance with the requirements of this section all claims and proceedings against the owner with respect to the matter in question shall cease (as amended June 5, 1936, c. 521, § 3, 49 Stat. 1480.)"

The exceptions to the petition are based on the sole ground that under the above amendment (which is in reality a new section), the petition must be filed within six months after written notice of "a claim." It is contended that "a claim" means the first claim in point of time, and that if the petition for limitation of liability is not filed within six months after written notice of the first claim it may not be availed of at all with respect to any claim arising out of that particular accident or disaster.

The claimant Marotto heretofore moved this court for an order vacating a restraining order entered against the prosecution of his claim. This application was granted on May 25, 1937, by Judge Goddard, for the reason that the petition had not been filed within six months after written notice of the Marotto claim. Marotto's was the first claim in point of time, of which petitioner had written notice.

Petitioners contend, however, that although their petition for limitation of liability was late with respect to Marotto, it is timely as against Conte, the moving party herein, because filed within six months after notice of Conte's claim. The disposition of this motion depends entirely upon the construction to be given the new section 185 of title 46, United States Code (46 U.S.C.A. § 185). Apparently, the question has not heretofore been presented for determination.

In my opinion the proper construction to be given the new section is that it requires the ship owner to act promptly and, if he fails to file a petition for limitation of liability within six months after receipt of "a claim," he may not avail himself of the privilege with respect to any claims arising out of the particular accident or disaster in question.

Undoubtedly, it was the purpose of the new legislation (49 Stat. 1479) to cut down the rights and privileges of the ship owner. This becomes evident from a consideration of the amendment to section 183 of title 46 of the Code (46 U.S.C.A. § 183), which was enacted at the same time as section 185. Prior to these amendments there was no time limit upon the filing of a petition for limitation of liability. The purpose of the new section 185 was to set up a time limit where there was none before. The Senate Report upon this legislation (Senate Report No. 2061) says significantly (page 6 of the Report): "The proposed amendment to section 4285 [46 U.S.C.A. § 185] provides, first, that the vessel owner, within 6 months after a claimant shall have given to or filed with such owner written notice of claim, may petition a district court of the United States of competent jurisdiction for limitation of liability. Under the old law there was no time fixed within which such a petition might be filed."

To give the section the construction for which petitioners contend would require a holding that Congress did not intend to place an absolute time limit of six months on the filing of the petition, but rather intended the limitation proceeding to apply only to claims of which the shipowner had notice within the period of six months preceding the actual filing of the petition.

If that were so, we must assume that Congress intended that a limitation proceeding might be effective with respect to some claims and ineffective with respect to others, even though all the claims arose out of a single incident.

Such a construction appears to be negatived also by the last sentence of the section (46 U.S.C.A. § 185), which reads as follows: "Upon compliance with the requirements of this section all claims and proceedings against the owner with respect to the matter in question shall cease."

What is the meaning of "all claims and proceedings against the owner with respect to the matter in question"? Does that not indicate an intention on the part of Congress to deal in the limitation proceeding with all claims arising out of the "matter in question"? That provision would rebut any inference that Congress intended to divide the claims into two groups and to give effect to the petition for limitation of liability in respect to one group but not as to the other.

The construction I place upon the section seems to have been anticipated by the Department of Commerce, which in a letter dated February 19, 1936, addressed to Hon. S. O. Bland, Chairman, Committee on Merchant Marine and Fisheries, House of Representatives, inclosed a memorandum from the Director of the United States Shipping Board Bureau which stated:

"IV. Section 4285 of the provision in the bill amending Revised Statutes, § 4285 (U.S.C., title 46, § 185, [46 U.S.C.A. § 185]), would restrict the shipowner's right to limit his liability.

"It limits to 3 months 'after a claimant shall have given or filed written notice of a claim' the right of a shipowner to petition for limitation. It would seem this might work to the disadvantage of an owner. It seems to mean that his right to limit is cut off as to all claims 3 months, after written notice of any claim, however trivial either in merit or amount, and probably would be so interpreted. It would appear reasonable to suggest that the time of filing suit should mark the start of the period within which the owner could file his petition for limitation of liability.".

At the time said letter was written the draft of the proposed amendment set a time limit of three months after notice of a claim. This was later changed to six months. This letter is annexed to the Report of Hearings before the Committee on Merchant Marine and Fisheries of the House on H. R. 9969.

It is also significant to note in the report of said hearings that one Ira F. Campbell testified before the committee as follows (pages 123, 124): "Now what is going to happen? You are providing, in effect, that if any owner wants to limit liability he has got to file his petition within 3 months after the claim comes in. Now the practical effect of that is going to be to increase beyond count at the present time the number of limitation of liability proceedings that will be commenced within 3 months; because it is not always possible for a shipowner to determine within 3 months as to whether or not the number of claims and the amount of the claims which are likely to be presented to him out of an accident will necessitate limitation of liability or permit limitation of liability. And to assure himself of the right of limitation, he must institute this proceeding by filing a petition within a 3-month period."

This interpretation placed upon the new section was not contradicted by any of the members of the House Committee who were present and the bill was reported without any change that would affect this interpretation.

■ My opinion is that the language of section 185, set in the background of the legislation of 1936 relating to limitation proceedings, requires the construction that a petition for limitation of liability must be filed within six months after the first written notice shall have been given of a claim arising out of the particular accident or disaster in question. If the petition is not so filed, the shipowner's privilege of limiting liability is lost entirely in respect to all claims arising out of the accident or disaster.

This construction of the amendment works no apparent hardship on the shipowner. As soon as the first written notice of claim is filed, the shipowner has almost six months in which to investigate and determine if any other claims, having merit and arising from the same accident or disaster, are likely to be the subject of litigation. We may reasonably assume that such an investigation would be made in any event. Further, this point was before the Committee of the House (see quotation from memorandum enclosed in letter of Department of Commerce, supra) when it was considering this bill. It may be con-

cluded that the increase of the time within which to file the petition from three months to six months met this objection in the opinion of Congress.

The exceptions to the petition herein are accordingly sustained. The application to vacate the order of this court restraining the claimant Conte from prosecuting his action in the New York Supreme Court is likewise granted. Settle order on notice.