### THE IRVING.

Petition of CONNERS MARINE CO., Inc.

District Court, S. D. New York.
May 8, 1939.

Purdy & Lamb, of New York City, by John E. Purdy, of New York City, for petitioner.

Bigham, Englar, Jones & Houston, of New York City, by F. Herbert Prem, of New York City, for United States Gypsum Co.

BONDY, District Judge.

The letter dated April 18, 1938, addressed by the United States Gypsum Co. to the petitioner, wherein it informed the petitioner that 550 tons of plaster were a total loss and that it would hold the petitioner liable for all damage sustained through the sinking of the barge, constituted a "written notice of claim" within the meaning of 46 U.S.Code, § 185, 46 U.S. C.A. § 185, notwithstanding that the letter did not contain a statement of amount of damages claimed. Cf. Anchor Line v. Jackson, 2 Cir., 9 F.2d 543; Stiles v. Ocean S. S. Co., 2 Cir., 34 F.2d 627; The West Arrow, 2 Cir., 80 F.2d 853. This ruling does not impose any hardship upon the shipowner, who had a period of six months within which to investigate this claim and all the consequences of the sinking of its barge, and to determine the advisability of instituting a limitation of liability proceedings. Cf. The Grasselli Chemical Co., No. 4, D.C., 20 F.Supp. 394.

586

Moreover, the petitioner was informed of the amount of the damages claimed, by the libel filed by the United States Gypsum Co. on July 11, 1938, long before the expiration of the six months period. The petition not having been filed within the time limited by law, the exception to the petition on this ground is sustained and the petition dismissed. The Grasselli Chemical Co., No. 4, supra; section 185, Title 46, U.S.Code, 46 U.S.C.A. § 185.