33 F.Supp. 59 (1940)
THE IRVING.
UNITED STATES GYPSUM CO.
v.
CONNERS MARINE CO., Inc.
District Court, S. D. New York.
February 21, 1940.
*60 Bigham, Englar, Jones & Houston, of New York City (F. Herbert Prem, of New York City, of counsel), for libellant.
Purdy & Lamb, of New York City (John E. Purdy, of New York City, of counsel), for claimant and respondent.
HULBERT, District Judge.
This is a suit in Admiralty. Claimant-respondent raises a novel question by its belated motion to amend its answer, seeking thereby to invoke the benefits of the Limitation of Liability statutes, 46 U.S. C.A. § 181 et seq.
Libellant had under charter the barge "Irving". On April 18, 1938, it notified Conners Marine Company, Inc., by letter, that the barge had sunk with a cargo of plaster aboard and that Conners would be held liable therefor.
The libel was filed in this court on July 11, 1938. Within four months thereafter, viz., on November 7, 1938, Conners filed a claim as owner and on the same day also filed an answer to the libel which was, in fact, a general denial. Thereafter, claimant-respondent filed a petition in this court for limitation of liability. It was held in that proceeding that the letter dated April 18, 1938, constituted a "written notice of claim" within the meaning of Section 185 of Title 46 U.S.C.A. and that since the petition for limitation of liability was not filed within six months from the receipt of such written notice of claim the exceptions to the petition were sustained. The Irving, 28 F.Supp. 585, affirmed, Conners Marine Co. v. United States Gypsum Co., 2 Cir., 107 F.2d 1011, upon the authority of The Maine, Standard, etc., Works v. Travelers Ins. Co., 4 Cir., 107 F.2d 373, 1939 A.M.C. 1493.
Final decree on mandate upon the decision of the Circuit Court of Appeals was entered in this court on January 4, 1940. This action appeared on the day calendar on January 10, 1940. On January 9, 1940, claimant-respondent served notice of motion returnable on January 12, 1940, for permission to file an amended answer containing the following separate and distinct defense:
"Ninth: That the aforesaid damage and resulting injury, if any, were caused and occasioned without the privity or knowledge of this respondent and claimant.
"Tenth: That the value of the lighter `Irving' and the amount of the claimant's interest in said lighter at the time of the said injury, as aforesaid, did not exceed the sum of $2,500, that there was no pending freight for said voyage, that an ad interim stipulation in the amount of claimant's interest in said vessel has already been posted.
"Eleventh: That there were no unsatisfied demands, liens or claims of liens against the said lighter at the time of the said damage to the knowledge of this respondent and claimant, which had not been properly secured by bond or stipulation.
"Twelfth: That this respondent and claimant, as owner of the lighter `Irving' claims exoneration from liability for all losses, damages and/or injuries occasioned and/or incurred by reason of the matters aforesaid, and in the alternative claims the benefit of limitation of liability as provided in Sections 4283, et seq., of the Revised Statutes of the United States and the various statutes supplementary thereto and amendatory thereof [46 U.S.C.A. § 183 et seq.]."
Prior to 1851 there was no legal recognition of the right to limitation of liability in this country except under statutes previously enacted by the states of Maine and Massachusetts. The existing federal statutes are derived from the Act of Congress of March 3, 1851, enacted "to promote the building of ships and to encourage persons engaged in the business of navigation."
On May 6, 1872, Rules in Admiralty were promulgated to establish a procedure under the limitation statute. The intent and practicability of Rules 54th to 57th (now 51 to 54, 28 U.S.C.A. following section 723) was discussed by Mr. Justice Bradley in The Benefactor, 103 U.S. 239, 26 L.Ed. 351.
In The Scotland, 105 U.S. 24, 33, 26 L.Ed. 1001, the same Justice said of the Rules:
"* * * they were not intended to restrict parties claiming the benefit of the law, but to aid them. * * *
"They were not intended to prevent them from availing themselves of any other remedy or process which the law itself might entitle them to adopt. They were *61 not intended to prevent a defense by way of answer to a libel, or plea to an action, if the ship-owners should deem such a mode of pleading adequate to their protection".
It developed that the ship-owner frequently set up his right to limit as a defense and then, if and when the question of his liability was determined against him, he began an independent proceeding for limitation of that liability. There was no period of time within which such a petition should be filed. This led to abuses of delay, waste and expense. On June 5, 1936, the Congress by amendment of Section 185 of Title 46 U.S.C.A. created a substantially new section, reading as follows:
"§ 185. Petition for limitation of liability; deposit value of interest in court; transfer of interest to trustee
"The vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition a district court of the United States of competent jurisdiction for limitation of liability within the provisions of this chapter and the owner (a) shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the interest of such owner in the vessel and freight, or approved security therefor, and in addition such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of section 183 of this title, or (b) at his option shall transfer, for the benefit of claimants, to a trustee to be appointed by the court his interest in the vessel and freight, together with such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of Section 183 of this title. Upon compliance with the requirements of this section all claims and proceedings against the owner with respect to the matter in question shall cease."
In construing Section 185 of Title 46, U.S.C.A., in Grasselli Chemical Co. No. 4, D.C., 20 F.Supp. 394, at page 395, Judge Leibell said:
"* * * it requires the ship owner to act promptly and, if he fails to file a petition for limitation of liability within six months after receipt of `a claim,' he may not avail himself of the privilege with respect to any claims arising out of the particular accident or disaster in question.
"Undoubtedly, it was the purpose of the new legislation (49 Stat. 1479) to cut down the rights and privileges of the ship owner."
This case is cited with approval in The Maine, supra.
The ship owner may plead his right to limit but he must appropriately preserve it. It is not the statute itself (Sec. 185) but the failure of the owner to timely comply with its provisions which deprives him of his statutory right to limit.
There might be some merit in the contention of the claimant-respondent if the separate defense now sought to be set up had been plead in the answer served within six months of the filing of the libel. S. C. Loveland Co., Inc. v. Pennsylvania Sugar Company, 4 Cir., 108 F.2d 603, decided January 8, 1940.
But upon the facts disclosed by the record before me to allow the amendment now would be abortive. In fact, I feel that laches would justify its denial on the eve of trial.