## CARPENTER v. MARY R. MULLINS, Inc.

### SOUSA v. SAME.

#### Nos. 214, 215.

District Court, D. Massachusetts.

May 7, 1940.

Harry Kisloff and Morris Michelson, both of Boston, Mass., for plaintiff in No. 214.

Harry Kisloff, of Boston, Mass., for plaintiff in No. 215.

Edward A. Neiley, of Boston, Mass., for defendant in both cases.

McLELLAN, District Judge.

On July 6, 1938, Albert W. Carpenter and Donald Sousa, two members of the crew of the fishing vessel Sankaty Head were swept overboard and drowned. Thereafter, Mary J. Carpenter, the widow of Albert W. Carpenter and administratrix of his estate made claim against the defendant as owner of the vessel for his death and conscious suffering. A like claim was made by Lydia M. Sousa, widow and administratrix of the estate of Donald Sousa. Notice of the Sousa claim was received by the defendant on August 11, 1938, and of the Carpenter claim on September 27, 1938. On March 31, 1939, more than six months after the defendant had received notice of these claims, the above entitled civil actions were brought. In each, the administratrix alleged that the death and conscious suffering of her intestate were caused by "the fault of the defendant, its agents and servants". The complaint specified certain charges of negligence. In its answer in each case, duly filed May 15, 1939, the defendant alleged among other things, that the losses and damages alleged by the plaintiff "were occasioned and incurred without the privity or knowledge of the defendant, and that its liability in the aggregate in said actions, if any, is by virtue of Sections 4282 [4283], 4284 and 4289 of the Revised Statutes of the United States and by Sections 183, 184 and 188 of the United States Code Annotated, Title 46, and the various statutes amendatory there-

of and supplementary thereto, limited to the amount or value of its interest in said vessel, and her freight then pending; or, in any event, that its liability in this action, if any, is limited to the amount or value of its interest in said vessel and her freight then pending."

Later the parties filed stipulations providing that a finding might be made for the plaintiff Sousa in the sum of $7,500 and for the plaintiff Carpenter in the sum of $2,500 "subject to the defense of Limited Liability asserted by the defendant, this finding to have the same force and effect as if this cause had been tried to a jury after withdrawal from the jury by agreement of the parties of the issue of Limited Liability and reservation thereof to the Court for further determination, pursuant to Rules of Civil Procedure Nos. 38 and 39, 28 U.S.C.A. following section 723c; and that this cause stand for determination of said issue of the Court."

The parties have expressly agreed, notwithstanding any contrary interpretation to which their stipulation might be susceptible, that all intended that "the issue of the defendant's right to limit its liability" should be preserved to the parties. This issue is raised by the motions for summary judgment. Upon the facts the defendant once had the right to the limitation of liability for which the statute provides, because as agreed among the parties, the damages were sustained without the privity or knowledge of the defendant, the owner of the vessel. The statute describing or conferring this right, U.S. Code Title 46, Section 183, 46 U.S.C.A. § 183, provides in general terms and in substance that the liability of the owner of a vessel for any loss or damage occasioned without his privity or knowledge shall not exceed the value of his interest in the vessel and her freight. In spite of a succeeding section as it existed prior to 1936 providing that it shall be deemed a sufficient compliance with the act if he shall transfer his interest in the vessel and freight to a trustee for the benefit of claimants, it was held uniformly that an owner could avail himself of the Limitation of Liability Act by pleading it when sued. See The Scotland, 105 U.S. 24, 26 L.Ed. 1001. But the plaintiff says the defendant may no longer avail himself of this partial defense by pleading it in his answer because of the Amendment of June 5, 1936 now U.S. Code Title 46, Section 185, 46 U.S.C.A. § 185, reading so far as here material as follows:

12

"The vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition a district court of the United States of competent jurisdiction for limitation of liability within the provisions of this chapter and the owner (a) shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the interest of such owner in the vessel and freight, or approved security therefor, and in addition such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of section 183 of this title, or (b) at his option shall transfer, for the benefit of claimants, to a trustee to be appointed by the court his interest in the vessel and freight, together with such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of section 183 of this title. Upon compliance with the requirements of this section all claims and proceedings against the owner with respect to the matter in question shall cease."

I am not here concerned with the effect of this amendment upon the right of apportionment of the value of the ship and her freight among claimants for which the Act provides. The sole question presented by the Motions for Summary Judgment is whether by the amendment of June 5, 1936, the Congress intended to take from ship owners the right to raise the issue of limitation of liability in their answers after the expiration of 6 months from receipt of notices of claim. In view of the general terms of that section of the Statute according a limitation of liability for loss occurring without the owner's privity or knowledge and the line of decisions represented by The Scotland, supra, the amendment which provides that the owner *"may"* petition for limitation of liability should not be construed as taking away the right to raise this issue in an answer to the claimant's complaint, filed later than 6 months after receipt of notice of claim. The answers asserting this partial defense were filed within the term required by the Federal Rules of Civil Procedure and this is enough.

In each case the motion for summary judgment is denied and in doing so I intimate nothing as to whether there should be an apportionment of claims against the vessel, a matter beyond the scope of the motions here involved.