## THE CHICKIE.

### RIVER SAND CO. v. THE CHICKIE et al.

### No. 84.

District Court, W. D. Pennsylvania.

Feb. 7, 1941.

---

[1] No opinion for publication.

Roger Knox, H. E. McCamey, and David M. Harrison, all of Pittsburgh, Pa., for claimants.

Jno. R. Bredin and Dalzell, McFall & Pringle, all of Pittsburgh, Pa., for libelant.

SCHOONMAKER, District Judge.

This is a suit in admiralty filed on March 18, 1940, by the libelant, as owner of the dredge "Admiral", for damages alleged to have been caused by a collision on the Ohio River on February 1, 1939, with the steamboat "Chickie", then being operated by the American Barge Line Company, Inc.

On the 10th day of May, 1940, J. Huber Wagner and Andrew C. Lyons, partners doing business as Lyons River Transportation Company, filed their petition for limitation of liability in this court. Their petition alleged, among other things, that they were the sole owners of the towing vessel "Chickie"; that the damages or losses alleged by the libelant were occasioned and incurred without the privity or knowledge of the petitioners; and that their liability is limited to the amount or value of their interest in the vessel "Chickie". The petitioners offered an ad interim stipulation for value in the amount of $5,000, and agreed to give a stipulation with sufficient surety for the payment into court for the value of their interest in the "Chickie", whenever it be ordered by the court.

The respondent steamboat "Chickie", filed an answer on August 23, 1940. The libelant, on September 16, 1940, obtained a rule upon J. Huber Wagner and Andrew C. Lyons, partners trading as Lyons River Transportation Company, to show cause why their petition filed in this case on May 10, 1940, should not be stricken from the record. In our view, this rule should be discharged. The petition filed by the Lyons River Transportation Company on May 10, 1940, in this case, was a compliance with Sec. 185, Title 46 U.S.C.A., which provides that a vessel owner "may petition a district court of the United States of competent jurisdiction for limitation of liability * * *."

In the case of Carpenter v. Mullins, D.C., 33 F.Supp. 10, the court permitted the owner of a vessel to plead limitation of liability in its answer to the claimant's complaint in a suit for damages.

The court, in the case of The Irving (United States Gypsum Co. v. Conners Marine Co.), D.C., 33 F.Supp. 59, refused to permit the owner of a vessel to amend its answer to plead limitation of liability, because of laches in asking permission to amend; but indicated this defense might have been set up in the answer, if it had been done within six months of the filing of the libel.

The petitioners, Lyons and Wagner, claimed ownership of the vessel in their petition for limitation; and we find that the fact their affidavit of ownership was not filed until October 17, 1940, does not invalidate their petition filed on May 10, 1940.

The libelant contends that the petitioners should follow their petition either by depositing in court a sum equal to the amount or value of their interest in the vessel, or approved security therefor, or transfer to a trustee to be appointed by the court, of their interest in the vessel. The petition prays the court for the issuance of a monition to all persons claiming damages for all or any losses and damages by, or resulting from, the alleged accident to the dredge "Admiral", citing them to appear before a commissioner to be named by the court. The fact that petitioners have not as yet caused a monition to issue, or an order to be made appointing a commissioner in accordance with the petition, does not invalidate the petition or prevent them from proceeding thereunder in accordance with the statute.

It will be unnecessary to decide whether or not the answer of the respondent, Steamboat "Chickie", complies with the Admiralty Rules, 28 U.S.C.A. following section 723; or whether that answer filed on August 23, 1940, should have been made in the name of the owners rather than the vessel. Andrew C. Lyons and J. Huber Wagner have made a motion to file an answer as owners of the Steamboat "Chickie", nunc pro tunc as of May 10, 1940. We will grant that motion.

After reading this answer, it appears to the court that it will satisfy the objections made by the libelant to the answer filed on

August 23, 1940. In admiralty proceedings, the courts have been extremely liberal in allowing amendments; and we are of the opinion that the libelant will not be prejudiced by allowing the amended answer to be filed at this time, nunc pro tunc as of May 10, 1940.

Orders denying libelant's motion to strike, and respondents' motion to file this answer, nunc pro tunc as of May 10, 1940, may be submitted.