### CANTEY v. McLAIN LINE, Inc., et al.

District Court, S. D. New York.

Sept. 24, 1941.

Paul C. Matthews, of New York City, for libellant.

888

Macklin, Brown, Lenahan & Speer, of New York City, for respondents.

BRIGHT, District Judge.

Respondents ask leave to file an amended answer to the amended libel by adding a defense of limitation of liability under Sections 4282, 4283, 4284 and 4286 of the Revised Statutes of the United States, Sections 182, 183, 184 and 186 of Title 46, U.S.C.A., in a suit to recover damages for personal injuries. Libellant opposes on the ground that more than six months have expired since the claim was filed.

The original libel was filed November 16, 1938. An amended libel was filed June 19, 1939. To the latter, respondents filed exceptions which, on January 19, 1940, were sustained and the libel and amended libel dismissed. D.C., 32 F.Supp. 1023.

This dismissal was affirmed by the Circuit Court of Appeals on November 28, 1940, (2 Cir., 114 F.2d 1017), and that determination reversed by the Supreme Court (312 U.S. 667, 61 S.Ct. 829, 85 L. Ed. ——). Respondents on June 17, 1941, filed their answer to the amended libel, not pleading, however, any defense of limitation of liability. The suit has not yet been assigned a calendar number.

■ I think the motion should be granted. It seems to be well settled that limitation of liability may be sought either by a defense set up in the answer under Section 183 of Title 46, U.S.C.A., or by a petition for relief under Section 185. The Scotland, 105 U.S. 24, 33, 26 L.Ed. 1001; The Quarrington Court, 2 Cir., 102 F.2d 916, 919, certiorari denied, Court Line v. Isthmian S. S. Co., 307 U.S. 645, 59 S. Ct. 1043, 83 L.Ed. 1525.

Libellant contends, however, that since the amendment of these two sections in 1936, the time within which such relief could be sought expired six months after the claim was filed, that filing, I assume, dating back to the original libel of November 16, 1938. He cites in support of this contention The Irving (United States Gypsum Co. v. Conners Marine Co., Inc.), D. C., 33 F.Supp. 59, 1940 A.M.C. 431. An interlocutory decree for the libellant was affirmed in that case by the Circuit Court of Appeals, 2 Cir., 119 F.2d 689, 690, 1941 A.M.C. 850, but that court held that it need not then decide the question here involved, stating: "Assuming that error was committed in refusing leave to amend the answer, it was harmless in view of the finding of breach of warranty of seaworthiness." That court called attention, however, to the case of Carpenter v. Mary R. Mullins, Inc., D.C., 33 F.Supp. 10, 1940 A. M.C. 559.

The amendments of 1936 of Sections 183 and 185 seem to me to be significant. That to Section 183 did not change its previous text, insofar as it was provided that the liability of the owner of a vessel for any loss or damage occasioned without the privity or knowledge of such owner should in no case exceed the value or interest of the owner and her freight then pending. The substantial effect of the amendment was to fix a minimum liability in case of a seagoing vessel, at $60. per ton of such vessel's tonnage. There is no time therein prescribed within which such defense may be asserted.

■ Section 185, however, was entirely changed so as to provide that "The vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition * * * for limitation of liability." "May" has been construed to mean "must." Standard Wholesale P. & A. Works v. Travelers Insurance Co., 4 Cir., 107 F.2d 373, The Maine, D.C., 28 F.Supp. 578, The Irving, D.C., 28 F.Supp. 585. In these three cases petitions for limitation were filed.

■ This amendment, however, did not, in my opinion, create any limitation of time when the issue might be raised by answer under Section 183. Congress, by these amendments, obviously intended that the six months limitation applied only to the remedy by petition.

There is a decided conflict of opinion upon this question, without any ruling by an Appellate Court that I have been able to find. In this District, the only case in which the right to amend an answer was involved, is that of The Irving, D.C., 33 F.Supp. 59, supra, citing The Grasselli Chemical Co. No. 4, D.C., 20 F.Supp. 394, The Irving, D.C., 28 F.Supp. 585, and The Maine, Standard Wholesale Phosphate & Acid Works v. Travelers Ins. Co., 4 Cir., 107 F.2d 373, in all of which petitions under Section 185 were dismissed.

In the Eastern District, so much of the respondent's answer as set up an issue of limitation of liability was stricken out because it had not been pleaded within the six months period. The Joseph O'Donnell, D.C., 37 F.Supp. 120.

The contrary has been held in three other cases. In Carpenter v. Mary R. Mullins, Inc., D.C., 33 F.Supp. 10, 12, the motion was denied, Judge McLellan of the Massachusetts District Court writing that Section 185 "should not be construed as taking away the right to raise this issue in an answer to the claimant's complaint, filed later than 6 months after receipt of notice of claim." In Coryell v. Pilkington, D.C., 39 F.Supp. 142, 145, Judge Holland of the Southern District of Florida, wrote in a case in which the same question was raised, "Section 185 deals with voluntary action taken by an owner depositing the value of his interest in the vessel in Court, while a limitation defense pleaded in the answer is provided for in * * * Section 183." And in The Chickie, D.C., 39 F.Supp. 200, the owners of a steamboat were permitted to file an answer, raising the issue of limitation of liability, more than six months after the filing of the libel. See, also, Benedict on Admiralty, 6th Ed., Section 508, page 465.

Statutory provisions for limitation of liability should be construed liberally in order to effect their beneficent purposes. Larsen v. Northland Transportation Co., 292 U.S. 20, 24, 54 S.Ct. 584, 78 L.Ed. 1096. The trend of present day procedure is likewise on the liberal side, and I am content to adopt the language of Rule 15(a) of the Federal Rules of Civil Procedure (although under Rule 81(a) it has no application here), that leave to amend "shall be freely given". 28 U.S.C.A. following section 723c.

No laches appearing, the motion should be granted.