## GENERAL SEAFOODS CORPORATION v. J. S. PACKARD DREDGING CO.

## THE TRIM.

## THE NO. 19.

### No. 675.

District Court, D. Massachusetts.

Oct. 7, 1941.

Burnham, Bingham, Pillsbury, Dana & Gould, of Boston, Mass., for libellant.

Thomas H. Walsh, of Boston, Mass., for claimant.

FORD, District Judge.

This concerns a motion filed by J. S. Packard Dredging Company seeking to amend its answer by pleading the Limited Liability Acts, Title 46 U.S.C.A. §§ 183, 184, and 189.

The libel of the General Seafoods Corporation was filed on July 24, 1936, and the answer of the respondent was filed June 21, 1937. The case was tried in October, 1939, and the decision was filed in this court on November 24, 1939, The Trim, 30 F.Supp. 283. Appeals were taken by both parties and the decree of the District Court was affirmed by opinion filed by the Circuit Court of Appeals on April 17, 1941, 1 Cir., 120 F.2d 117. This motion is dated September 10, 1941.

The libellant objects to the allowance of the motion on three grounds: (1) In

view of the 1936 amendment to the act, 46 U.S.C.A. § 185, the respondent could not have pleaded the privilege of limitation of liability at the time it filed its answer. This amendment provides, in part, that a "vessel owner, within six months after a claimant shall have given to or filed with such own-er written notice of claim, may petition * * * for limitation of liability * * *"; (2) that the respondent is guilty of laches; (3) that the allowance of such a motion would violate settled admiralty practice.

■ There is no dispute since the case of The Scotland, 105 U.S. 24, 26 L.Ed. 1001, that an owner could avail himself of the Limited Liability Act by pleading it in his answer when suit was brought.

Judge McLellan of this court in Carpenter v. Mary R. Mullins, Inc., D.C., 33 F. Supp. 10, ruled, in a civil action against an owner, that the latter was not deprived of the right to raise the issue of limitation of liability in an answer filed in the suit more than six months after receipt of claim. He ruled the case was governed by the Federal Rules of Civil Procedure, 28 U.S.C.A., following section 723c.

In the case of The Irving, D.C., 33 F. Supp. 59, an admiralty case, the court held an owner could invoke the benefits of the act in its answer but could not do so in an answer filed more than six months after it received notice of claim. The court also found here that the owner was guilty of laches. This case was affirmed in United States Gypsum Co. v. Conners Marine Co., 2 Cir., 119 F.2d 689, but the court found it unnecessary to consider whether the 1936 amendment deprived the shipowner of the right to raise, by answer, the defense of limitation of liability after the expiration of six months from the receipt of notice of claim.

A shipowner was denied the right to petition for limitation of liability after six months of receipt of notice of claim in the case of Grasselli Chemical Company No. 4, D.C., 20 F.Supp. 394. In the case of The Irving, D.C., 28 F.Supp. 585, affirmed Conners Marine Co. v. United States Gypsum Co., 2 Cir., 107 F.2d 1011, the court dismissed a petition for limitation of liability filed more than six months after receiving what the court construed as notice of claim within the meaning of the 1936 amendment.

■ There is no question that it was the purpose of Congress in enacting the 1936 amendment, placing a time limit of six months on the filing of a petition to limit liability, "to cut down the rights and privileges of the ship owner". Grasselli Chemical Co. No. 4, supra, page 395 of 20 F.Supp. The right to limit liability is wholly statutory and in order for a shipowner to avail himself of the right he must bring himself within the terms fixed by statute. Standard Wholesale Phosphate & Acid Works, Inc., v. Travelers Insurance Co. et al., 4 Cir., 107 F.2d 373. Before the 1936 amendment no time limit existed for bringing such a petition.

It is a long time between the decision in the case of The Scotland, supra, and the 1936 amendment. It may very well be that Congress, to wipe out abuses that had arisen before 1936, intended that shipowners move with equal despatch or lose the privilege, whether they sought relief by way of petition or by answer. It may also be argued that if this were not so, the purpose of Congress in passing the legislation would be frustrated.

■ However, I am not compelled here to decide this point, because, even assuming, without deciding, that the shipowner could plead limitation of liability in his answer more than six months after receipt of written notice of claim, yet he should not be allowed to do so in the present case. The respondent filed its answer on June 21, 1937—almost a year after the libel was filed. The case was tried almost two years ago and the decree entered by the lower court was affirmed in the Circuit Court of Appeals on April 17, 1941, 1 Cir., 120 F.2d 117. The case itself is more than five years old. In the light of these facts, the respondent has undeniably been guilty of laches. The defenses proposed would involve new issues, a new trial, and would entail considerable expense. Limitation of liability is sought to be pleaded over four years after the respondent filed its original answer in the case.

"Amendments may be made * * * after the cause is in the appellate court, if the new allegations be confined to the original subject of controversy. A new cause of action, or a new defense, however, cannot be permitted by amendment after the evidence is taken, * * *". Benedict on Admiralty, Fifth Edition, Sec. 355, pp. 425, 426.

In the case of Carlisle Packing Company v. Sandanger, 259 U.S. 255, 260, 42 S.Ct. 475, 66 L.Ed. 927, the privilege of limited liability was held to have been rightfully

denied, where it was not set up in the answer and where it was claimed for the first time by a request for a charge to the jury.

The motion of the respondent is denied.