## DE CRUZ v. HIERING et al.
### No. C-7721.

District Court, D. New Jersey.

Jan. 11, 1947.

Nathan Baker, of Hoboken, N. J., for plaintiff.

David A. Veeder, of Tams River, N. J., for defendants.

FORMAN, District Judge.

This action was filed March 28, 1946 by the plaintiff who alleges he was a fisherman in the employment of the defendants on a fishing vessel owned and operated by the defendants and seeks to recover damages under the Jones Act, 46 U.S.C.A. § 688, for injuries sustained in an accident which occurred on April 9, 1945.

Defendants answered July 15, 1946 setting up as separate defenses: (1) limitation of liability, (2) assumption of risk, (3) contributory negligence, and (4) full payment and settlement.

Plaintiff moved to strike out the first, second and fourth defenses. He has not urged the motion except as it applies to limitation of liability, and we will consider the motion only in so far as it concerns the defense addressed to limitation of liability. Plaintiff supported his motion to strike this defense with an affidavit by his attorney in which it was alleged that a written notice of claim was made upon defendants as early as October 18, 1945.

Plaintiff argued that since the amendment to the Jones Act in 1936 the vessel owner is required to take limitation of liability proceedings within six months after notice of claim. As amended the Act provides: "The vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition * * * for limitation of liability within the provisions of this chapter * * *." 46 U.S.C.A. § 185.

Defendants direct our attention to the case of The Chickie, 3 Cir., 1944, 141 F.2d 80, in which the Third Circuit Court considered this same problem and decided it against the plaintiff. The decision noted a conflict of opinion among the District Courts, and the same cases relied upon by plaintiff at argument, The Irving, D.C., 1940, 33 F.Supp. 59; The Joseph O'Donnell, D.C., 1940, 37 F.Supp. 120. It was pointed out that there are two methods by which limitation of liability may be claimed —petition or answer.

The court stated: "* * * The 1936 Amendments did not abolish the right of a ship owner to plead limitation in his answer; both methods are still available

thereunder. What may be termed the substantive section of the statute, § 3 of the 1851 Act, which gave the ship owner the defense of limitation of liability, is still in force, without any express limitation in it. See § 183(a). The six months limitation was inserted only in what may be called the procedural section, § 185." The Chickie, 3 Cir., 141 F.2d 80, 85.

We are bound by this holding, and the motion to strike is denied.