**CANTWELL v. MEADE et al.**

**Civ. A. No. 13478.**

United States District Court
E. D. New York.

April 1, 1954.

George J. Engelman, New York City, for plaintiff, in opposition.

Hill, Rivkins, Middleton, Louis & Warburton, New York City, by Allan B. Lutz, New York City, of counsel, for defendants, for motion.

RAYFIEL, District Judge.

The defendants move to amend their answer to plead limitation of liability as a third, separate and partial defense.

The accident which is the basis of this action occurred on April 13, 1953, service of the summons and complaint was effected on or about May 15, 1953, and on June 18, 1953, an answer was interposed setting up the defenses of contributory negligence and assumption of risk. The instant motion to amend the answer was made on February 26, 1954, more than eight months thereafter.

Subsection (a) of Rule 15 of the Federal Rules of Civil Procedure, 28 U.S.C., provides that under the factual circumstances present in this case a par–

ty may amend his pleading "only by leave of court or by written consent of the adverse party."

Section 185 of Title 46 U.S.C.A., as amended June 5, 1936, provides that within six months after a claimant shall have given or filed notice of his claim, the vessel owner may file a petition with the United States District Court of competent jurisdiction for limitation of liability. It also provides that the shipowner shall deposit for the benefit of the claimant either a sum of money or other security equal to the owner's interest in the vessel and pending freight or transfer to a trustee to be named by the Court his interest in the vessel and freight for the benefit of the claimant.

The defendant contends that it should be permitted to amend its answer to plead limitation of liability in spite of the fact that a period of more than six months has elapsed since it received notice of the claim, and urges that section 185, supra, is not applicable to a shipowner who seeks to plead limitation of liability in his answer and cites as authority therefor the case of The Chickie, 141 F.2d 80, decided by the Court of Appeals for the Third Circuit. The Court there held that since no express limitation of time is provided in section 183 (a), Title 46 U.S.C.A., it was intended to provide for such limitation only in the case of proceedings initiated on the petition of a shipowner under section 185 of Title 46 U.S.C.A. and the defense of limitation of liability could be interposed by answer without limitation of time.

■ I am in disagreement with that decision. I do not believe that it was the intention of Congress to limit the application of section 185 of Title 46 U.S.C.A. to cases in which the shipowner petitioned for limitation. That would, in effect, penalize the shipowner who proceeded expeditiously by petition since he would be required either to deposit cash or security or transfer his interest in the vessel to a trustee in order to limit his liability while a dilatory shipowner could plead his defense of limitation of liability at any time.

■ It is my opinion that sections 183 (a) and 185 should be read together, the former limiting the shipowner's liability and the latter providing the manner in which he can secure such limitation.

■ Accordingly, the motion is denied. Settle order on notice.