**Joseph P. KUTGER and Samuella Sue Kutger, his wife, Libellants,**

v.

**UNITED STATES of America, DeWitt W. Smith, as Custodian of the Eglin Air Force Base Consolidated Non-Appropriated Welfare Funds, and the National Surety Corporation, a New York Corporation, Respondents.**

No. 672.

United States District Court
N. D. Florida,
Tallahassee Division.

Dec. 18, 1958.

James W. Middleton, Fort Walton, Fla., John A. Madigan, Jr., of Caldwell, Parker, Foster, Madigan, Oven & Moriarty, Tallahassee, Fla., for libellants.

Keen, O'Kelley & Spitz, Wilfred C. Varn, U. S. Atty., Talahassee, Fla., for respondent.

CARSWELL, Chief Judge.

Libellants, husband and wife, initiated action against respondents under the provisions of 46 U.S.C.A. § 741 et seq., and 46 U.S.C.A. § 781 et seq., alleging that the wife suffered injuries while she was a passenger in a motor boat which collided with another boat under the ownership, custody, or control of respondents Smith and United States.

By separate answers these respondents respectively seek to invoke the protective provisions of 46 U.S.C.A. § 183 (a) limiting liability to the value of the offending vessel. To this libellants have excepted to both answers on the grounds that the defense of limitation of liability has not been timely filed. They urge that the provisions of Title 46 U.S.C.A. § 185 make it mandatory that a vessel owner petition for limitation of liability within six months after a notice of claim has been filed and that the provisions of Section 183(a), supra, are inapplicable.

A review of the legislative history and operation of these statutes and cases arising thereunder does not support libellants' contention. The statutory right to limit liability is found in 46 U.S.C.A. § 183, which provides that liability of a vessel owner shall not exceed the value of the vessel so long as the owner is without privity or knowledge. It has long been the rule that this right to limit may be set up as a defense in the answer. The Scotland, 1881, 105 U.S. 24, 33–34, 26 L.Ed. 1001.

In 1936 amendment to the Limitation Liability Act was adopted, limiting to six months the time in which shipowner must petition after receiving written notice of claim (46 U.S.C.A. § 185). It is undisputed here that no attempt has been made by either of the respondents to avail themselves of this amendment, but they have sought to evoke the protective provisions of 46 U.S.C.A. § 183(a) as a defense by *answer* to the libel. It is also clear that such answer was filed more than six months from the initial date of libellants' claim. It is the contention of the libellants that the *petition* for lim-

**106**

itation of liability as set forth in the 1936 amendment is now the exclusive means by which a shipowner may insulate himself. To this the Court cannot ascribe, based upon an examination of the purpose which the Congress intended by such legislation. In 1851 our maritime industry was given a favored position by the enactment of what is now 46 U.S.C.A. § 183(a) granting the shipowner the "substantive" right to limit liability. Over three-quarters of a century later what is now Section 185 of Title 46 was adopted, giving to shipowner a "procedural" device for limitation of liability whereby the owner within six months of claim could tender the vessel or value thereof in Court and cause the marshaling of all outstanding claims against him, thereby avoiding a multiplicity of suits. The purpose of limitation of liability by *petition* was to aid shipowners rather than circumscribe liability. Prior to the 1936 amendment, the defense of limitation of liability could be accomplished by *answer,* and there appears no sound reason to find that Congress intended to withdraw that privilege. See The Chickie, 3 Cir., 1944, 141 F.2d 80, 84–85. For other cases, see Moran Towing & Transportation Co. v. United States, D.C.S.D.N.Y. 1948, 80 F.Supp. 623; Cantey v. McLain Line, Inc., D.C.S.D.N.Y.1941, 40 F.Supp. 887; Carpenter v. Mary R. Mullins, Inc., D.C.D.Mass.1940, 33 F.Supp. 10. For a Florida case, see Coryell v. Pilkington, D.C.S.D.Fla.1941, 30 F.Supp. 142, 145, affirmed sub nom. Coryell v. Phipps, 5 Cir., 1942, 128 F.2d 702, affirmed 1943, 317 U.S. 406, 63 S.Ct. 291, 87 L.Ed. 363.

Libellants urge that Cantwell v. Meade, D.C.E.D.N.Y.1954, 120 F.Supp. 406 correctly construes these statutes. I am in disagreement with that decision, which is expressly contradictory to The Chickie, supra. I believe that it was the intention of Congress in 46 U.S.C.A. § 185 to limit the time of filing petition, which had theretofore been unlimited, but there is no manifest intention to deny shipowner the long-established substantive right to limit his liability by answer under 46 U.S.C.A. § 183(a). Such interpretation would require commencement of legal proceedings whenever a potential claimant appears. Another clear objective of the 1936 amendment was to afford shipowner blanket limitation of possible multiple claims, provided he did so within the newly imposed time limit. To construe these statutes as libellants would have us would thus defeat the beneficial purposes Congress intended.

▪ Libellants also except to the answer of the United States on the grounds that the United States cannot avail itself of limitation of liability by petition or by answer. There is absolutely nothing in either statute to indicate that the United States would not occupy identical position with any other vessel owner. There is no citation of authority to support this view, nor can any be found.

▪ Finally, libellants except to the answer of both respondents that the "* * * injuries, losses, or damages were occasioned without the privity or knowledge of respondent." That a vessel owner seeking limitation of liability has the burden of proving lack of privity or knowledge is well settled. The E. Madison Hall, 4 Cir., 140 F.2d 589, certiorari denied W. E. Valliant Co. v. Rayomier, Inc., 322 U.S. 748, 64 S.Ct. 1159, 88 L.Ed. 1579. Lack of privity or knowledge of these respondents may be pled properly as a valid defense. The bare assertion of same however seems too sketchy for clear understanding of the nature of the defense. Within the definition of "privity or knowledge" as laid down in Continental Insurance Company v. Sabine Towing Company, 5 Cir., 117 F.2d 694, 695, certiorari denied 313 U.S. 588, 61 S.Ct. 1111, 85 L.Ed. 1543, respondents are allowed 20 days in which to amend their respective defenses on this point by factual averments amplifying same.

Order in conformity herewith is entered this date.