**Karl O. ODEGARD, Plaintiff,**

v.

**E. QUIST, INC., Defendant.**

**Civ. No. 20074.**

United States District Court
E. D. New York.

Nov. 29, 1961.

Benjamin B. Sterling, New York City, for plaintiff; Max Cohen, New York City, of counsel.

Kirlin, Campbell & Keating, New York City, for defendant; Matthew L. Danahar, New York City, of counsel.

ZAVATT, District Judge.

The defendant moved, by notice of motion heard November 8, 1961, for leave to amend its answer so as to add limitation of liability as a partial defense. On the same day the court heard plaintiff's cross-motion to vacate a set of interrogatories propounded by the defendant on October 18, 1961. The plaintiff's cross-motion was granted from the bench. The court now denies the defendant's motion for the reasons hereinafter stated.

The complaint was filed August 13, 1959. The plaintiff alleged that he was injured while in the employ of the defendant and aboard the defendant's barge. He stated a claim in negligence under the Jones Act, 46 U.S.C.A. § 688, a claim based upon the alleged unseaworthiness of the barge and a claim for maintenance and cure. The answer, filed October 7, 1959, denied ownership of the barge as well as knowledge of the al-

leged accident and pleaded as affirmative defenses, contributory negligence, assumption of risk and an exclusive remedy under workmen's compensation. Limitation of liability was not pleaded in the answer. In response to plaintiff's interrogatories, dated June 17, 1960, the defendant reiterated its denial of ownership of the vessel in the following responses to the following questions:

"Q. 1. Please state the name, register number and members of the crew of the vessel upon which plaintiff sustained his injuries on August 13, 1957. A. 1. This defendant has no record of the vessel upon which the accident allegedly happened and, in fact, does not know if this accident happened aboard the vessel.

"Q. 2. In regard to the aforesaid vessel, please state its dimensions, ownership, use, draft and type of propulsion employed. A. 2. Same as "1".

A note of issue together with a statement of readiness and an affidavit of service was filed by the plaintiff on November 18, 1960, pursuant to Calendar Rule 1 of this court. No objection having been made by the defendant, the case was placed on the appropriate trial calendar. It reached a position on the trial calendar where it was to be assigned for trial, by the judge in charge of the Civil Term Part I, on November 13, 1961.

The plaintiff opposed the defendant's motion upon the grounds (1) that 46 U.S. C.A. § 185 bars such a defense if it is not raised within six months after the defendant receives written notice of the plaintiff's claim served pursuant to that section; (2) that the defendant is guilty of laches and that to grant the motion would seriously prejudice the plaintiff's preparation for trial. The defendant contends that 46 U.S.C.A. § 185 applies only to a defense of limitation of liability when it is raised by petition pursuant to that section. The defendant concedes that such a petition must be filed within six months after a claimant has given written notice of claim. But it argues that this six months' time limit does not apply to an answer in a suit against the owner of the vessel; further, that the court may permit the defendant to so amend its answer, in the interests of justice, even though the case is at the top of the ready trial calendar.

■ Limitation of liability is the title given to the device whereby a shipowner, on the occurrence of some event for which the ship is or may be liable, may by taking appropriate proceedings limit his liability to the value of the ship after the event. See generally, Gilmore and Black, Admiralty 663–748 (1957). The importance of the device has been greatly lessened by the growth of marine insurance and the increased use of the corporate form. While generally accepted by the law of most maritime nations, limitation of liability was initially rejected by the American courts. The Rebecca, 20 Fed.Cas.No.11,619, pp. 373, 380 (D.Me.1831). However, the growth of the American merchant fleet resulted in 1851 in the enactment of the Limitation of Liability Act, largely based on the English Act, 9 Stat. 635 (1851) 46 U.S. C.A. §§ 181–189. Until 1936 the Limitation Act itself made no mention of the procedure to be followed under it, other than that the vessel owner might " * * * take the appropriate proceedings in any court for the purpose of apportioning the sum for which the owner * * * may be liable." 46 U.S.C.A. § 184. To clarify the meaning of "appropriate proceedings" the Supreme Court in Norwich & N. Y. Transp. Co. v. Wright, 13 Wall. 104, 80 U.S. 104, 123–124, 20 L.Ed. 585 (1871) suggested that a shipowner could avail himself of the act by petitioning a competent court for limitation of liability. In 1872 the court took the unusual step of issuing rules, which were substantially similar to the present Admiralty Rules, 51–57, 28 U.S.C., and which prescribed the practice in limitation proceedings. These rules, however, did not, nor do the present rules deal with the time within which a shipowner may bring proceedings to limit his liability. In two cases decided prior to the 1936 Amend-

ment of 46 U.S.C.A. § 185, it was held that a vessel owner could petition for limitation of liability even after judgment had been rendered against him. Larsen v. Northland Transp. Co., 292 U.S. 20, 54 S.Ct. 584, 78 L.Ed. 1096 (1934); The Benefactor, 103 U.S. 239, 26 L.Ed. 351 (1880). This was not the only way in which a defendant could avail himself of the advantages of the Limitation of Liability Act. He could plead the Act in his answer. The Scotland, 105 U.S. 24, 26, 26 L.Ed. 1001 (1881).

■ In 1936, the Limitation of Liability Act was amended so as to provide, *inter alia,* a time limitation within which a petition to limit liability must be filed. "The vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition a district court of the United States of competent jurisdiction for limitation of liability within the provisions of this chapter * * *." Following this amendment the question arose as to whether this six months' period applied only to petitions under 46 U.S.C.A. § 185 or also to the pleading of limitation of liability in a suit. It is now clearly established in this Circuit that the defense of limitation of liability may be asserted in the answer even though it be served and filed more than six months after the owner of the vessel receives the written notice referred to in 46 U.S.C.A. § 185. Such a defense in an answer is deemed to be governed by 46 U.S.C.A. § 183(a) which contains no time limitation.[1] Deep Sea Tankers v. The Long Branch, 258 F.2d 757 (2d Cir.1958), cert. denied 358 U.S. 933, 934, 79 S.Ct. 316, 3 L.Ed.2d 305 (1959). Anything to the contrary in Cantwell v. Meade, 120 F.Supp. 406 (E.D.N.Y.1954) must be taken to have been overruled by the opin-

ion in the Deep Sea case, supra. To the same effect, see The Chickie, 141 F.2d 80, 83–85 (3d Cir.1941); Kutger v. United States, 169 F.Supp. 104 (N.D.Fla.1958). The West Point, 83 F.Supp. 680 (E.D.Va. 1946); The Bright, 38 F.Supp. 574 (D. Md.1941), aff'd 124 F.2d 45 (4th Cir. 1941).

When the time limitation of six months was added to 46 U.S.C.A. § 185, it was held that the legislative purpose of the 1936 amendment was to require the vessel owner to act promptly if he desired to limit his liability. The Fred Smartley, Jr., 108 F.2d 603 (4th Cir.1940), cert. denied S. C. Loveland, Inc. v. Pennsylvania Sugar Co., 309 U.S. 683, 60 S.Ct. 724, 84 L.Ed. 1027 (1940). When the Court of Appeals of this Circuit decided the Deep Sea case it was aware of the abuses in tardy filing of petitions to limit liability prior to the 1936 amendment to 46 U.S.C.A. § 185. In holding that § 185 did not apply to such a defense when raised in a pleading, it observed that the abuses of tardy filing of a petition were not encountered when the defense is pleaded in the answer because the libelant or plaintiff controls the period within which the defense may be pleaded in a responsive pleading.

■ Neither the Chickie nor the Deep Sea case involved a question of laches or a case in which the defendant sought to amend his answer on the eve of trial. Neither case considered the possibility of unseasonable attempts to raise the defense of limitation of liability by amendment of the original answer. Such attempts have failed where the court found the shipowner guilty of laches. Yates v. Dann, 167 F.Supp. 882 (D.Del.1958); General Seafoods Corp. v. J. S. Packard Dredging Co., 40 F.Supp. 1015 (D.Mass. 1941); The Irving, 33 F.Supp. 59 (S.D.

[1] "(a) The liability of the owner of any vessel, whether American or foreign, for any embezzlement, loss, or destruction by any person of any property, goods, or merchandise shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or for-
feiture, done, occasioned, or incurred, without the privity or knowledge of such owner or owners, shall not, except in the cases provided for in subsection (b) of this section, exceed the amount or value of the interest of such owner in such vessel, and her freight then pending."

N.Y.1940), aff'd sub. nom. U.S. Gypsum Co. v. Conners Marine Co., 119 F.2d 689 (2d Cir.1941). Here the defendant moves for leave to amend its answer two years after it served and filed its original answer and on the very eve of trial. To permit such an amendment would be prejudicial to the plaintiff who had no reason to suspect that he would have to go to trial on the issue of limitation of liability, in view of the defendant's answer and its answers to the interrogatories.

In light of the foregoing, the defendant must be found to be barred by its laches from amending its answer, as requested, at this late date. The defendant's motion is denied. Settle an order on or before ten days from the date hereof.