In the Matter of the Complaint of UNITED STATES LINES, INC., As Bareboat Charterer of the S.S. AMERICAN TRADER for Exoneration From or Limitation of Liability, Plaintiff.

Nos. 84 Civ. 0308 (PNL), 84 Civ. 2625 (PNL) and 84 Civ. 7273 (PNL).

United States District Court,
S.D. New York.

July 9, 1985.
As Amended Nov. 8, 1985.

Kirlin, Campbell & Keating, New York City, for plaintiff.

Tabak, Steinman & Mellusi, New York City, for Rose, claimants.

Paul C. Matthews, New York City, for Valverde, claimant.

Phillips & Cappiello, New York City, for Chang and Becker, claimants.

## MEMORANDUM AND ORDER

LEVAL, District Judge.

United States Lines, Inc., as owner and bareboat charterer of the vessel S.S. AMERICAN TRADER petitions in admiralty for limitation of its liability pursuant to 46 U.S.C. § 185. Death claimants Marcia J. Rose, Alfredo Valverde, Lieselotte Bello and Shirley Becker move to dismiss the petition as time-barred under 46 U.S.C. § 185.

*Facts*

The following facts are undisputed: On November 30, 1983, a large wave hit the vessel, S.S. AMERICAN TRADER, while she was en route from California to Hawaii causing the death of four crew members, Dennis Rose, Oscar Bello, Kaliko Chang, and Alfredo Valverde. On about December 24, 1983, Marcia Rose's attorneys notified U.S. Lines by certified letter that they had been retained to represent her in "an adversarial proceeding" as to all matters arising out of the death of her husband, Dennis Rose.

The following suits were then filed against U.S. Lines seeking damages for the deaths of the four crew members: (1) in federal court on January 13, 1984, by Lieselotte Bello for the death of her husband, crew member Bello, seeking $500,000 in damages; (2) in federal court on April 13, 1984 by Shirley Becker for the death of her uncle, crew member Chang, seeking $1 million in damages; (3) in New York state court on July 6, 1984 by Marcia Rose and her two children for the death of her hus-

band, crew member Rose, seeking $35.5 million in damages; and (4) in New York state court on October 25, 1984 by the New York County Public Administrator on behalf of crew member Valverde for $2 million in damages.

On October 10, 1984, U.S. Lines filed this petition. It seeks to limit U.S. Lines' liability for damages arising out of the accident to the value of the vessel, plus pending freight, the amount being $15,861,474.83, on the contention that the injuries were incurred without the privity or knowledge of the owner. The claimants move to dismiss the petition on the grounds it was not filed within six months after plaintiff received notice of the Bello lawsuit as required by 46 U.S.C. § 185(a).

The matter at issue is not necessarily the shipowner's right to limitation of liability. Limitation of liability may also be pleaded by an owner in answer to a lawsuit without a six-month bar. See *Deep Sea Tankers, Ltd. v. Long Branch*, 258 F.2d 757, 772–73 (2d Cir.1958) (shipowner can raise plea of limitation under 46 U.S.C. § 183 in answer to complaint even where § 185 petition would be timed-barred), *cert. denied*, 358 U.S. 933, 79 S.Ct. 316, 3 L.Ed.2d 511 (1959). By this petition, U.S. Lines seeks certain procedural advantages and possibly also economic advantages resulting from the posture in which the limitation claim is raised.

*Discussion*

■ Title 46 U.S.C. § 185 provides, in relevant part:

> The vessel owner, within six months after a claimant shall have given to or filed written notice of claim, may petition a district court of the United States of competent jurisdiction for limitation of liability within the provisions of this chapter.[1]

---

**1.** Section 183(a) of Title 46 provides in turn that "[t]he liability of the owner of any vessel ... for any loss, damage, or injury ... incurred, without the privity or knowledge of such owner ... shall not [except in certain instances] exceed the amount or value of the interest of such owner in such vessel and her freight then pending." The

right to limitation of liability may be pleaded in an answer to any complaint filed against the shipowner. It is not subject to the six month statute of limitations in § 185. *Deep Sea Tankers, Ltd. v. Long Branch*, 258 F.2d 757, 773 (2d Cir.1958), *cert. denied*, 358 U.S. 933, 79 S.Ct. 316, 3 L.Ed.2d 511 (1959).

When the shipowner receives written notice of a claim, he has six months "to investigate whether the amount of the claim or other claims likely to be the subject of litigation arising out of the same occurence may exceed the value of his ship." *Matter of the Complaint of Morania Barge No. 190, Inc.*, 690 F.2d 32, 33 (2d Cir.1982); see *Grasselli Chem. Co. No. 4*, 20 F.Supp. 394, 396 (S.D.N.Y.1937) (if shipowner fails to file petition within six months of receiving first claim, right to file petition is lost entirely as to all subsequent claims arising out of the same occurence). Moreover, the owner must file the petition within six months after receiving written notice of any claim even if it is not clear how many claims will be filed or what their total amount will be. See *Morania Barge*, 690 F.2d at 34; *In re Allen Spooner & Sons, Inc.*, 253 F.2d 584, 586 (2d Cir.) (shipowner can file petition even when the notice of claim is equivocal and amount of claim is not stated), *appeal dismissed*, 358 U.S. 30, 79 S.Ct. 9, 3 L.Ed.2d 48 (1958).

In *Morania Barge*, however, the Court of Appeals made an exception to the six-month rule. It held that the limitations period begins to run "only upon its appearing that there is a reasonable possibility that the claims would exceed the value of the ship." *Id.* at 34. There plaintiff had continually stated in the complaint and bill of particulars that he was seeking damages of $366,563.94, an amount substantially less than the value of the ship and freights. Four and one-half years after the action was begun, plaintiff amended the complaint to increase the amount of the damages to $2.5 million, which exceeded the amount of the shipowner's fund. The shipowner filed a petition for limitation. The district court dismissed the petition as time-barred, but the Court of Appeals reversed, holding that the shipowner had a right to rely on the amount of damages stated in the complaint, noting that the shipowner had no reason to believe that the amount claimed would exceed the value of the fund.

U.S. Lines contends that the *Morania Barge* exception should apply in this case. It argues that until the Rose lawsuit was filed in July 1984 claiming $35.5 million it had no reason to believe that the total number of claims would exceed the limitation value. Until July 1984, only two other claims had been filed, one (Becker's claim) based on an attenuated relationship between the decedent and the claimant (uncle and niece). Moreover, when the ship had docked after the accident in January 1984, the United States Coast Guard had made an investigation and had issued findings absolving the shipowner from liability on the grounds that the accident was caused by a freak of nature.

In my view, the *Morania Barge* exception should not apply to this case. In that situation, the shipowner was misled by the claimant's initial small claim into believing that it was not at risk for a much larger amount. The Court of Appeals stated that the exception is limited to cases where "the claimant affirmatively states on the record that his total claims amount to a figure that is substantially less than the value of the ship *and no other claims are in the offing.*" 690 F.2d at 34 (emphasis added). Even assuming the last clause goes too far and would not foreclose the exception where additional *small* claims were "in the offing," it seems clear the Court of Appeals did not intend to give the shipowner the benefit of the exception where it knowingly faced a number of death claims that might predictably be asserted for amounts exceeding the limitation value. *See Allen N. Spooner*, 253 F.2d at 587 (J. Hand, concurring) ("where the owner makes no attempt of any kind to force the claimant to make his position clear" the risk is on the owner that the claimant may assert a claim above the value of the ship and her freight).

U.S. Lines was not misled into believing that the total amount of the claims would not exceed the value of the ship. It was well aware that four crew members had

lost their lives and that claimants on behalf of all these decedents might file substantial claims. Even though the Bello and Becker complaints set forth smaller amounts in their ad damnum clauses, there was no reason for U.S. Lines to assume that the Rose and Valverde claimants would not seek greater amounts. Indeed, since Rose was the only crew member who left a wife and two children as survivors, it was predictable that the amount of the Rose claims would be much larger than those made by the other crew members' families.

As to multiple claims, it is true that the rule first enunciated in *Grasselli Chem. Co. No. 4, supra,* requiring the owner to file the petition within six months after he receives his *first* written notice of a claim or lose the right to file a petition as to all subsequent related claims, has been criticized as representing an unnecessarily literal reading of the statute. See 3 *Benedict on Admiralty* § 15 at 2–18 (7th ed. 1985); G. Gilmore & C. Black, *The Law of Admiralty* § 10.16 at 861–62 (2d ed. 1975).[2] This holding has, however, not been overruled and has been followed by various courts. *See, e.g., Complaint of Peter Kiewit Sons' Co.,* 1979 A.M.C. 1091, 1093–94 (D.Md. 1979); *Petition of American M.A.R.C., Inc.,* 224 F.Supp. 573, 575 (S.D.Cal.1963). One court has stated that since § 185 was designed "to cut down the right of a shipowner to limit his liability, the time limit imposed by this [Section] should be strictly enforced." *Cincinnati Gas & Elec. Co. v. Abel,* 533 F.2d 1001, 1005 (6th Cir.), *cert. denied,* 429 U.S. 858, 97 S.Ct. 158, 50 L.Ed.2d 136 (1976).

The petition for exoneration from or limitation of liability is dismissed as untimely.

---

**2.** In certain situations where the shipowner receives a written claim for a relatively small amount and soon thereafter settles the claim before he receives notice of any other claim, it might be considered too onerous to require the shipowner to file the petition (and post the requisite security, etc.) within six months after receiving the first notice of claim. See G. Gilmore & C. Black, *supra.* However, this is not the situation here. U.S. Lines never settled the Bello claim and it was well aware before the Bello claim was even filed that Marcia Rose had hired attorneys and might file a claim against it.