Ola C. BAHAM

v.

ATLANTIC, GULF AND PACIFIC COMPANY.

Civ. A. No. 69–869.

United States District Coourt,
E. D. Pennsylvania.

Oct. 7, 1971.

Marvin I. Barish, Freedman, Borowsky & Lorry, Philadelphia, Pa., for plaintiff.

John R. Warner, Marshall, Dennehey & Warner, Philadelphia, Pa., for defendant.

## OPINION AND ORDER

WOOD, District Judge.

Defendant vessel owner seeks leave to amend its answer to plaintiff's complaint to raise the defense of limitation of liability. Plaintiff seaman instituted the present action under the Jones Act, 46 U.S.C. § 688 for injuries sustained aboard a spider barge upon which he was working.

Plaintiff filed his complaint on April 22, 1969. After receiving an extension of time, defendant answered on May 27, 1969. On October 29, 1969, defendant filed a motion to amend its answer to include a defense of limitation of liability. The motion was listed for argument on November 4, 1969 but was continued generally because plaintiff's counsel was out of town. The issue has not been raised again until this time. For reasons hereinafter stated, we conclude that defendant's motion should be granted.

■ There are two methods by which a vessel owner can claim limitation of liability. The first method is to petition the Court for limitation of liability under 46 U.S.C. § 185. The other method is to plead limitation of liability in the answer to the complaint.

■■ Although 46 U.S.C. § 185 requires that a vessel owner file his petition for limitation of liability within six months after receipt of notice of a claim, no such time limit is imposed by 46 U.S.C. § 183, the section which provides for the defense of limitation of liability. Consequently the Courts have held that a vessel owner may amend his answer to claim limitation of liability later than six months after receiving notice of the complaint against him. Chickie, 141 F.2d 80 (3rd Cir. 1944); Odegard v. E. Quist, Inc., 199 F.Supp. 449 (E.D.N.Y.1961). The fact that defendant's motion comes more than six months after the filing of plaintiff's complaint does not, then, necessarily preclude him from amending his answer. The question remains, however, whether under the facts of this case he should be so precluded.

■■ We are also impressed by the strong declaration of 46 U.S.C. § 183(a) that "[T]he liability of the owner of any vessel * * * shall not * * * exceed the amount or value of the interest of such owner in such vessel, and her freight then pending." While we do not conclude from this language that the Courts must always grant a vessel owner leave to amend his answer to raise a limitation of liability defense, we believe that they should refuse to do so only under the most exigent circumstances. In *Odegard, supra,* for example, the Court

denied a vessel owner's motion to amend his answer where he waited two years to raise the issue, where the plaintiff had no reason to suspect that he would have to go to trial on the issue of limitation of liability and the motion to amend was made "on the very eve of trial." In this case, however, defendant first raised the issue in October, 1969, and plaintiff has been aware since that time of the possibility of a limitation of liability defense. Moreover, the case does not yet appear on the current trial list so plaintiff will have sufficient time to prepare accordingly. As we conclude, therefore, that leave to amend should, in most cases, be granted and that plaintiff will not be prejudiced by inadequate notice or inadequate time to prepare his case, the motion will be granted.